IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HASALEE MIMS, #126911, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-254-WHA |
| ) | (WO) |
| ) | |
| KAY IVEY and FOB JAMES, et.al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Hasalee Mims ("Mims"), a state inmate currently incarcerated on fifteen-year sentences imposed upon him in 2014 by the Circuit Court of Tuscaloosa County, Alabama for violations of the Alabama Community Notification Act ("ACNA" or "the Act"), Ala. Code 1975 § 15-20-1 *et seq.* (1975, as amended) (repealed), which occurred prior to July 1, 2011.[1]  In this complaint, Mims seeks a judgment from this court "declaring [the] Alabama Sex Offender Act . . . illegal and unconstitutionally enacted[.]" Doc. 1 at 4. Mims also requests monetary

---

[1] The court obtained the information regarding Mims' convictions and sentences from the public records of the Alabama Department of Corrections and the case action summaries of the Circuit Court of Tuscaloosa County, Alabama maintained by the Alabama Trial Court System (hosted, respectively, at http://www.doc.state.al.us/inmatehistory and www.alacourt.com). As permitted by applicable federal law, the court takes judicial notice of these records. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the state's] Online Judicial System.") (citing Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.")); *see also Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir.1984).

damages for the time he has been subjected to the provisions of the ACNA both while living in the free-world and during his incarceration for violations of the Act. Doc. 1 at 29. Mims names Kay Ivey, the Governor of the State of Alabama, and Fob James, a former governor, as defendants.

## II. RELEVANT PROCEDURAL HISTORY

> The State of Alabama enacted its first sex-offender [notification] statute over five decades ago. *See* Ala. Act No. 1967-507. That law merely required offenders to submit their name to their county sheriff, *id*. § 1, and only law enforcement could access that roster, *id*. § 2. But over the years, Alabama has repeatedly amended its sex-offender laws to make them broader and more restrictive. *See McGuire v. Strange*, 83 F.Supp.3d 1231, 1236–40 (M.D. Ala. 2015); *Doe v. Pryor*, 61 F.Supp.2d 1224, 1226–29 (M.D. Ala. 1999). The current statute, ASORCNA, is comprised mostly of legislation from 2011, 2015, and 2017. *See* Ala. Act No. 2011-640; Ala. Act No. 2015-463; Ala. Act. No. 2017-414.

*Doe 1 v. Marshall*, 367 F. Supp. 3d 1310, 1319 (M.D. Ala. 2019).

The statute at issue in this case is the Alabama Community Notification Act which became effective in 1996 and applied to all adult sex offenders.[2]

> "In response to the 1994 abduction, rape, and murder of a seven-year-old girl, Megan Kanka, by her neighbor, a convicted sex offender, Congress along with all 50 states enacted laws requiring sex offenders to register their residence with local law enforcement. *See Smith v. Doe*, 538 U.S. 84, 89-90, 123 S.Ct. 1140, 1145, 155 L.Ed.2d 164 (2003). Concerned by Megan's murder and the high number of repeat sex offenders, states enacted these laws for the purpose of notifying the public about local sex offenders and to aid law enforcement in identifying and locating potential suspects in local sex-

---

[2]The ACNA remained in effect until June 30, 2011as it was repealed and replaced on July 1, 2011 by the Alabama Sex Offender Registration and Community Notification Act ("ASORCNA"), Ala. Code § 15-20A-1, *et seq*. Since enactment of the ASORCNA, this act has governed the legal registration and community notification requirements applicable to adult sex offenders as defined in Ala. Code § 15-20A-4(1) and is "applicable to every adult sex offender convicted of a sex offense as defined in Ala. Code § 15-20A-5, without regard to when his or her crime or crimes were committed or his or her duty to register arose." Ala.Code § 15-20A-3.

> related crimes. *See Connecticut Department of Public Safety v. Doe*, 538 U.S. 1, 4, 123 S.Ct. 1160, 1163, 155 L.Ed.2d 98 (2003)." *Doe v. Moore*, 410 F.3d 1337,1340 (11th Cir.), *cert. denied, John Doe I v. Moore*, 546 U.S. 1003, 126 S.Ct. 624, 163 L.Ed.2d 506 (2005). The Community Notification Act is Alabama's version of such a law.

*Parker v. King*, 2008 WL 901087, *6 (M.D. Ala. Mar. 31, 2008). Although over time the legislature amended the ACNA on several occasions to address constitutional challenges to its provisions, the Act "remain[ed] one of the most far-reaching and restrictive sex offender registration laws in the United States as it require[d] adults convicted of various sex offenses, regardless of the date of their conviction(s), to register with law enforcement officials prior to their release into society, Ala. Code § 15-20-22, and upon a change in their legal residence. Ala. Code § 15-20-23. The Act also mandate[d] that law enforcement officials notify members of the public whenever a registered offender establishe[d] a residence in their community. Additionally, the Act place[d] significant restrictions on where and with whom a registrant may live and work. Ala. Code § 15-20-26." *Parker*, *supra*.

The records of which this court has taken judicial notice show that in 1980 the Circuit Court of Tuscaloosa County, Alabama imposed a conviction upon Mims for first degree rape. This conviction subjected Mims to the requirements of each of the sexual offender registration statutes implemented by the State of Alabama, including the Alabama Community Notification Act. The judicially noticed state court records also reflect that in June of 2014 Mims was convicted for violating the requirements related to residency set forth in the ACNA for offenses committed prior to July 1, 2011 and was sentenced to

fifteen years imprisonment for which the trial court placed him on probation. Finally, these records show that in October of 2016 Mims was convicted of attempted sexual abuse of a child less than twelve years of age and sentenced to four years imprisonment for this offense. The latter conviction, however, likewise resulted in the revocation of Mims' probation for the ACNA convictions and his incarceration on the sentences imposed for such convictions. *See State of Alabama v. Mims,* CC-2016-396, *State of Alabama v. Mims*, CC-2011-209, and *State of Alabama v. Mims*, CC-2011-1448.

Upon thorough review of the complaint and application of well-settled federal law, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

### III. DISCUSSION

As previously stated, Mims stands convicted for violations of the ACNA and is currently incarcerated on the sentences imposed for such convictions. Mims complains that enactment and application of the ACNA to him violated various rights, privileges and immunities afforded him under the Constitution or law of the United States. Among a

---

[3]This court granted Mims leave to proceed *in forma pauperis* in this case. Doc. 3. Even though Mims submitted payment of an initial partial filing fee in this case, the court remains obligated to screen the complaint for possible summary dismissal. 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case" for the reasons set forth herein.). Specifically, the screening procedure requires the court to "dismiss the case at any time if the court determines that— . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see also* 28 U.S.C. §§ 1915A(b)(1)-(2) ("On review [of a prisoner's complaint], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief.").

litany of things, Mims alleges that enactment, application and enforcement of the ANCA (i) deprived him of his substantive and procedural due process rights, (ii) violated his equal protection rights, (iii) circumvented the Ex Post Facto Clause, (iv) constituted a Bill of Attainder, and (v) ran afoul of the Commerce Clause. Mims requests that this court declare enactment of the ACNA illegal and unconstitutional and award him monetary damages for his having been subjected to its provisions. Doc. 1 at 4, 29.

The claims for relief presented in the instant complaint necessarily go to the fundamental legality of Mims' convictions for violating the ACNA and the sentences imposed for such convictions on which he is now incarcerated. In accordance with well-established law, Mims is entitled to no relief on these claims in this case. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a complaint challenging the legality of a prisoner's conviction or sentence and seeking monetary damages for relief is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed,

5

[are] not cognizable under § 1983."). "Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (alterations in original).  The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief.  "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646–48.

Furthermore, the law directs that "habeas corpus is the exclusive remedy for a state prisoner who [raises a claim which undermines] the fact or duration of his confinement and [a favorable ruling on the claim would result in] immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645  (acknowledging that the "sole remedy in federal court" for a prisoner who presents challenges which necessarily go to the constitutionality of his incarceration on a sentence of a state court is a petition for writ of habeas corpus); *Okoro*, 324 F.3d at 490

(noting *Heck* holds that a state inmate "making a collateral attack on his conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). Consequently, an inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996). Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Mims' use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount what constitutes, by the nature of its claims, a collateral attack on the validity of his convictions and sentences for violation of the ACNA. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of

cognizability, not exhaustion."). Hence, the claims presented by Mims questioning the legality of the ACNA are not cognizable in this civil action as a ruling in favor of Mims on these claims would necessarily imply the invalidity of his convictions and attendant sentences under this Act. It is clear that the convictions imposed upon Mims for his violation of the ACNA have not been invalidated in an appropriate proceeding. Thus, the claims presented in the instant complaint provide no basis for relief at this time and, as such, are subject to summary dismissal under 28 U.S.C § 1915(e)(2)(B)(ii).[4]

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915 (e)(2)(B)(ii) as the claims presented in the complaint provide no basis for relief in the instant cause of action at this time.

On or before **June 9, 2020**, the plaintiff may file objections to this Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal

---

[4] Mims is advised that any habeas petition he files is subject to the procedural limitations imposed upon such petitions, including but not limited to, the one-year limitation period. See 28 U.S.C. § 2254(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 26th day of May, 2020.

/s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE