IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HASALEE MIMS, #126911, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:20-CV-254-WHA |
| | ) |
| KAY IVEY and FOB JAMES, et.al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Hasalee Mims ("Mims"), a state inmate currently incarcerated on fifteen-year sentences imposed upon him in 2014 by the Circuit Court of Tuscaloosa County, Alabama for violations of the Alabama Community Notification Act ("ACNA" or "the Act"), Ala. Code 1975 § 15-20-1 *et seq.* (1975, as amended) (repealed), which occurred prior to July 1, 2011.[1] In this complaint, Mims contends that enactment and application of the ACNA to him violated numerous rights, privileges and immunities afforded him by the Constitution and laws of the United States. It is therefore clear that the claims presented by Mims necessarily go to the fundamental legality of his convictions for violating the ACNA and the sentences

---

[1] The court obtained the information regarding Mims' convictions and sentences from the public records of the Alabama Department of Corrections and the case action summaries of the Circuit Court of Tuscaloosa County, Alabama maintained by the Alabama Trial Court System (hosted, respectively, at http://www.doc.state.al.us/inmatehistory and www.alacourt.com). As permitted by applicable federal law, the court takes judicial notice of these records. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the state's] Online Judicial System.") (citing Fed. R. Evid. 201) (providing that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir.1984).

imposed for such convictions on which he is now incarcerated. Mims seeks a judgment from this court "declaring [the] Alabama Sex Offender Act . . . illegal and unconstitutionally enacted[.]" Doc. 1 at 4. Mims also requests monetary damages for the time he has been subjected to the provisions of the ACNA both while living in the free-world and during his incarceration for violations of the Act. Doc. 1 at 29. Mims names Kay Ivey, the Governor of the State of Alabama, and Fob James, a former governor, as defendants.

On May 26, 2020, the Magistrate Judge entered a Recommendation that this case be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as Mims presents claims which, in essence, challenge the fundamental validity of his convictions and confinement and, therefore, provide no basis for relief at this time in the instant cause of action. Doc. 5 at 8. As set forth in the Recommendation, this determination is premised on well-settled law. Specifically,

> . . . *Heck* [*v. Humphrey,* 512 U.S. 477 (1994)] and its progeny bar Mims' use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount what constitutes, by the nature of its claims, a collateral attack on the validity of his convictions and sentences for violation of the ACNA. H*eck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Hence, the claims presented by Mims questioning the legality of the ACNA are not cognizable in this civil action as a ruling in favor of Mims on these claims would necessarily imply the invalidity of his convictions and attendant sentences under this Act. It is clear that the convictions imposed upon Mims for his violation of the ACNA have not been invalidated in an appropriate

proceeding. Thus, the claims presented in the instant complaint provide no basis for relief at this time and, as such, are subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

Doc. 5 at 7–8.

On June 19, 2020, the court received an objection to the Recommendation of the Magistrate Judge from Mims challenging the summary dismissal of this case. Doc. 8. In his objection, Mims asserts the Recommendation did not address the merits of his challenge to the ACNA as violative of the Commerce Clause. Doc. 8 at 2 (arguing, in general, the United States Congress "bribed" state legislatures to pass laws regarding registration of sex offenders by the threat of withholding federal highway funds). Mims further argues he should be allowed to proceed in this 42 U.S.C. § 1983 action on the merits of each of his claims challenging the constitutionality of his convictions and sentences as he has, in his opinion, shown violations of his constitutional rights. Doc. 8 at 2–8.

Upon review of the objection, the undersigned finds the assertions contained therein entitle the plaintiff to no relief from the Recommendation. In sum, applicable federal law directs that "habeas corpus is the exclusive remedy for a state prisoner who [presents] challenges to the fact or duration of his confinement . . ., even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481; *Edwards v. Balisok,* 520 U.S. 641, 645 (1997) (holding that the "sole remedy in federal court" for a prisoner whose claims challenge the constitutionality of his incarceration on a conviction and sentence of a state court is a petition for writ of habeas corpus); *Robinson v. Satz*, 260 F. App'x 209,

212 (11th Cir. 2007) (alterations in original) ("Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248."); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (noting *Heck* directs that a state inmate "making a collateral attack on his conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). "[A] claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649. Since success on Mims' claims challenging the validity of his convictions and the sentence on which he is now incarcerated would necessarily imply the invalidity of his confinement, these claims are not cognizable in a 42 U..S.C. § 1983 action at this time and summary dismissal of this case was therefore appropriate. Accordingly, it is ORDERED that:

1. The plaintiff's objection is OVERRULED.

2. The Recommendation of the Magistrate Judge is ADOPTED.

3. This case is DISMISSED without prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915 (e)(2)(B)(ii) as the claims presented in the complaint provide no basis for relief in the instant cause of action at this time.

A separate Final Judgment will be entered.

DONE this 24th day of June, 2020.

       /s/ W. Harold Albritton
    SENIOR UNITED STATES DISTRICT JUDGE